# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GERARDO SOLORIO-REYEZ, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:08-CR-314-2-WBH-CCH |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1652-WBH-CCH |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Gerardo Solorio-Reyez has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentences, which were imposed on July 7, 2009, following a guilty plea entered in the Northern District of Georgia.

I.   Procedural History

On August 5, 2008, a grand jury in the Northern District of Georgia returned a five-count indictment against Movant and his co-defendants, which charged them with two counts of hostage taking in violation of 18 U.S.C. §§ 1203 and 2, one count of interference with commerce by threat or violence in violation of 18 U.S.C. § 1951(a), one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and one count of unlawfully

AO 72A
(Rev.8/82)

transporting a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) and 2. (Doc. 23). On December 9, 2008, the Grand Jury entered a superseding indictment against Movant and his co-defendants, which added one count of conspiracy to possess with the intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, and a forfeiture provision. (Doc. 63). On March 20, 2009, Movant entered into a guilty plea to Count One (hostage taking), Count Four (possession of a firearm), and Count Six (conspiracy to distribute more than five kilograms of cocaine). (Doc. 102).[1] The plea agreement contains the following waiver of Movant's appellate and collateral rights ("appellate waiver"):

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates

---

[1] In exchange for his plea, the Government dismissed the remaining counts against Movant. (Doc. 102, Attach. 1 at 6).

2

> a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 102, Attach. 1 at 9).

On July 7, 2009, Movant was sentenced to 235 months' imprisonment on Counts One and Six, to run concurrently, and 84 months' imprisonment on Count Four to run consecutively, for a total of 319 months' imprisonment followed by a five-year term of supervised release. (Doc. 115). Movant did not appeal his sentences.

Movant filed the instant § 2255 motion on May 26, 2010. (Doc. 125). In the motion, Movant raises several claims of ineffective assistance of counsel, three of which relate to the voluntariness of the plea agreement itself, and four that relate to his conviction and sentence. (Doc. 125). As to all claims, Movant requests that this Court vacate his sentence.

II.   Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant

3

to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in these cases conclusively show that he is entitled to no relief in connection with any of his claims. Thus, no evidentiary hearing is required.

III.   Analysis

The Government contends that Movant's claims should not be entertained by this Court because Movant waived the right to appeal or collaterally attack his sentences under the negotiated plea agreement.  The undersigned agrees.

Here, the appellate waiver in Movant's plea agreement precludes both direct and collateral review of both his sentences and convictions.  An appellate waiver, however, does not bar claims for ineffective assistance of counsel relating to the plea agreement or the waiver, or claims challenging the voluntariness of the plea. *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007); *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005).  Thus, the undersigned must review Movant's claims that counsel was ineffective by:  (1) inducing Movant to enter a guilty plea based on an incorrect Spanish translation of the plea agreement; (2) incorrectly advising Movant that he was guilty of the drug conspiracy, and (3) advising Movant that the most time he would receive would be twenty years.

A.   Movant's Plea Was Knowing and Voluntary.

In connection with the § 2255 motion, Movant has submitted an affidavit in which he attests that:  (1) he did not understand the rights he was giving up based upon the alleged incorrect Spanish translation of the plea agreement; (2) he did not

5

understand the essential elements of the drug conspiracy count, and (3) counsel promised Movant that the most time he would receive would be twenty years.  As will be discussed further below, all of these allegations are in direct conflict with Movant's sworn testimony during the plea hearing.  There is a strong presumption that statements made during the plea colloquy are true.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."); *accord, United States v. Munguia-Ramirez*, 267 F. App'x 894, 897 (11th Cir. 2008); *Patel*, 252 F. App'x at 974.  Where a Movant's claim of ineffective assistance of counsel is in direct conflict with his statements under oath, he has a strong burden to show that his statements under oath were false.  *Patel*, 252 F. App'x at 974-75.  Movant, however, has not met this burden.

During the plea hearing, Movant was provided with a court-appointed interpreter and swore to the Court that:  he was satisfied with his attorney's representation and advice; he had no questions about the plea agreement itself after having discussed it with counsel;  nobody coerced him into signing the plea agreement or entering into the plea, and nobody made him any promises that were

6

not contained in the written plea agreement. (*Id.* at 5-6). Additionally, Movant's sworn statements indicate that Movant understood the possible range for sentencing, as well as the fact that he could not withdraw his plea even if he received a more severe sentence than he expected or thought was fair. (*Id.* at 6-10). Thus, despite Movant's present self-serving affidavit in which he states that he relied on counsel's estimation of his sentence in entering his plea, he has not overcome the strong presumption of the veracity of his sworn statements during the plea hearing. *See, e.g.*, *Abdul-Aziz v. United States*, Nos. 1:05CV86, 1:03CR39, 2008 WL 4238943, at *6 (N.D. W.Va. Sept. 12, 2008) (rejecting the movant's sworn statements in his § 2255 motion that conflicted with his sworn plea testimony); *United States v. Miller*, 3 F. Supp. 2d 376, 382 (W.D. N.Y. 1998) (rejecting the movant's affidavit that conflicted with his sworn testimony during the plea colloquy); *Paulino v. United States*, 964 F. Supp. 119, 125 (S.D. N.Y. 1997) (rejecting the movant's habeas affidavit alleging that he did not carry a firearm but told the court he did because of trial counsel's advice, where the movant admitted to carrying a firearm during the plea hearing). Accordingly, the record does not support Movant's claims that his guilty plea was unknowing or involuntary based on counsel's alleged miscalculation of his sentence.

7

Even if counsel had misinformed Movant as to his likely sentence, however, an erroneous sentence estimate by counsel does not render a plea involuntary. *United States v. Himick*, 139 F. App'x 227, 228-29 (11th Cir. 2005); *United States v. Orr*, 165 F. App'x 623, 624-25 (10th Cir. 2006); *United States v. Tealer*, No. 01-51262, 2002 WL 31415154 at *1 (5th Cir. Oct. 9, 2002); *United States ex rel. LaFay v. Fritz*, 455 F.2d 297, 302 (2d Cir. 1972). Thus, given Movant's sworn testimony at the plea hearing that he understood the possible range for sentencing and that he could not withdraw his plea even if he received a higher sentence than he expected, Movant's claim that counsel promised him he would receive a lesser sentence does not invalidate his plea. *See Munguia-Ramirez*, 267 F. App'x at 898 (holding district court did not err in finding that the movant knowingly and voluntarily entered into guilty plea due to counsel's incorrect estimation of his ultimate sentence, where record indicated that he understood that he could not withdraw his plea even if he received a more severe sentence than he thought); *United States v. Kerns*, 53 F. App'x 863, 866 (10th Cir. 2002) (finding claim that because attorney assured the movant that his sentence would be less than what he ultimately received cannot constitute a challenge to the voluntariness of his plea,

8

as he stated during the plea colloquy that no one had made any promises inducing him to enter a guilty plea).

The record also belies Movant's present claim that he did not understand that he was giving up his right to counsel at every stage of the proceeding, the right to counsel during cross-examination, and the right to appeal or collaterally attack his sentence based on the alleged incorrect translation of the plea agreement. Indeed, the Court specifically questioned Movant about all of these rights and Movant swore that he understood:

> THE COURT: Okay. Now, you would have had the ability to appeal those decisions I make at the sentencing hearing, but you gave that right to appeal up largely in your plea agreement, and also gave up the right to later challenge the sentence with another lawsuit or litigation.
>
> What are the exceptions to [Movant's] right to appeal?
>
> MR. HULSEY: There are two exceptions. The first is, should the Court depart upwards from the sentencing guidelines, [Movant] would have a right to appeal. The other is if the Government were to appeal. Then at that point they [sic] would have the right to appeal. Those are the only two exceptions.
>
> THE COURT: Now, do you understand that, with except for those two situations which Mr. Hulsey just referred to, that you have given up any right to appeal the decisions that the judge makes at your sentencing hearing?

9

[MOVANT]:  Yes.

\* \* \*

THE COURT:  Okay.  Now, prior to today, you pled not guilty.  And you have the right to continue to plead not guilty to the charges.  And if you did so, the Government would be required to present its evidence against you at a jury trial.  At that trial you would have the right to the assistance of your attorney, you would have the right to see and hear the witnesses who testify against you, you would have the right to remain silent.  You could say nothing and that fact could not be used against you or commented on at trial.  And not only would you have the right to see and hear the witnesses, but your attorney would be able to cross-examine them, and finally the Court's subpoena power to bring witnesses to Court, to present you [sic] version or your side of the case.

Now, do you understand, though, that if you plead guilty, you are giving up your right to a jury trial and those other rights that I just described which go along with it?

[MOVANT]:  Yes.

(Doc. 127 at 8-12).

Notably, Movant only challenges the translation of the plea agreement from English to Spanish that he received prior to entering his plea; he does not challenge the Court-appointed interpreter's translation of the subsequent plea colloquy when he swore under oath that he understood all of the rights he was giving up.  Thus, the undersigned does not credit Movant's affidavit in which he claims that he

AO 72A
(Rev.8/82)

would not have entered a guilty plea had he understood those rights. *See Abdul-Aziz*, 2008 WL 4238943, at \*6 ("Simply because [the movant] now says the agreement existed, does not make it so, particularly in light of the testimony [the movant] gave under oath at his plea hearing [that there was no agreement outside the plea]."); *Miller*, 3 F. Supp. 2d at 382 ("[The movant's] belated assertion that he was unaware of the significance of his prior admission is insufficient to overcome the 'strong presumption of the veracity' that is accorded to his sworn statement at the Rule 11 proceeding.") (citations omitted); *Paulino*, 964 F. Supp. at 125 n.2 ("The Court must credit [the movant's] sworn plea allocution over his self-serving habeas affidavit."). As such, even if the plea agreement was, in fact, incorrectly translated,[2] any such translation does not undermine the veracity of Movant's sworn testimony during the subsequent plea colloquy.

With regard to Movant's last claim that he did not understand the elements of the drug conspiracy charge in Count Six, during the plea hearing the Government read the elements of all three crimes to which Movant was entering a plea. (Doc. 127 at 4-5). At that point, had Movant not understood the elements

---

[2] Movant has submitted an affidavit of another inmate, in which that inmate sets forth the alleged incorrect translation of the plea agreement.

11

of the crimes to which he was entering a plea, he had the opportunity to ask questions; instead, he told the Court that he did not have any questions regarding those elements. (*Id.* at 5). The Court also read each count of the indictment to Movant, and as to each count Movant admitted that he did what the grand jury charged him with doing. (*Id.* at 10-11). Finally, Movant agreed with the Government's summary of the evidence against him. (*Id.* at 12-13). As such, the record refutes Movant's claim that he did not understand the elements of the drug conspiracy charges. *See Rivera-Lopez v. United States*, No. 92-2322, 1993 WL 351694, at *3 (1st Cir. Sept. 15, 1993) (rejecting movant's statements in his affidavit that his attorney did not explain the elements of the offense to which he pled guilty, where in his plea petition he acknowledged his understanding of the charges and that this attorney had explained them to him, and he agreed with the summary of the government's evidence against him); *United States v. Hernandez*, Nos. H-06-89-1, H-09-313, 2009 WL 2868222, at *14 (S.D. Tex. Sept. 1, 2009) (rejecting statements in movant's affidavit that he did not understand the elements of the offense with which he was charged because during the plea colloquy the judge advised him of those elements); *compare Miller*, 3 F. Supp. 2d at 382 (holding movant's affidavit which claimed that he was unaware of the significance

12

of the amount of drugs did not overcome his admission to that amount of drugs at the plea hearing because whether he was aware of the significance of the amount of drugs "he clearly had every opportunity to state at the plea colloquy that he did not agree with the plea agreement in that respect, but instead he stated under oath that the agreement was factually correct.").

Consequently, the undersigned finds that Movant knowingly and voluntarily entered into a guilty plea, and the appellate waiver contained in the plea agreement is therefore valid and enforceable. *See United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006) (finding appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *United States v. Bushert*, 997 F2d 1343, 1350-51 (11th Cir. 1993) ("One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'") (citations omitted); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (finding appellate waiver enforceable where the court expressly questioned movant about the specifics of the waiver and

13

determined that he had entered into the written plea agreement, which included the waiver, freely and voluntarily, and where "[t]he plain language of the agreement informed [Movant] that he was waiving a collateral attack on his sentence."). *See also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (stating that a waiver is valid if the Government shows that either: "(1) the district court specifically questioned the [movant] about the waiver; or (2) the record makes clear that the [movant] otherwise understood the full significance of the waiver.").

B.  The Remainder of Movant's Claims are Barred By the Waiver.

Movant also claims that counsel was ineffective in the following four ways: (1) failing to raise various challenges with regard to the weapon calculation and enhancements; (2) failing to argue for a concurrent sentence under the statute rather than the consecutive seven-year sentence he received for Count Four; (3) failing to hold the Government to its burden of proof, object to certain evidence, or properly cross-examine witnesses during the motion to suppress hearing, and dismissing the motion to suppress; and (4) failing to object to Movant's sentence for "brandishing" rather than "possessing" a weapon.[3]  Inasmuch as Movant

---

[3] Although the way Movant worded part of this claim – i.e., that he did not know that he was entering a plea to brandishing a weapon rather than possessing one – was such that it could be perceived as a challenge to the validity of the plea,

14

AO 72A
(Rev.8/82)

voluntarily, intelligently, and knowingly entered into the guilty plea and the appellate waiver, such waiver precludes the undersigned from addressing these remaining claims. Indeed, none of those claims concern matters that have any bearing on the validity of the plea agreement or appellate waiver; instead, they allege ineffective assistance of counsel at sentencing or challenges to the sentences themselves. As such, they are precluded by Movant's waiver to seek collateral relief. *See United States v. Riolo*, 398 F. App'x 568, 570-71 (11th Cir. 2010) ("[T]he waiver would prevent [the movant] from raising a claim of ineffective assistance of counsel at sentencing[.] . . ."); *Patel*, 252 F. App'x at 974 ("We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing."); *Williams*, 396 F.3d at 1342 (holding that a

---

those provisions of 18 U.S.C. § 924(c) that increase the minimum sentence for brandishing a weapon are considered to be sentencing factors rather than elements of the crime. *Harris v. United States*, 536 U.S. 545, 555 (2002); *United States v. Julian*, 633 F.3d 1250, 1254 (11th Cir. 2011). As such, Movant's claim that counsel should have objected to his sentence based on brandishing, rather than possessing, a firearm essentially is a claim challenging the effective assistance of counsel at sentencing. *See*, *e.g.*, *Johnson v. United States*, Nos. 4:08-CV-090-A, 4:05-CR-125-A , 2008 WL 397786 at *2 (N.D. Tex. Feb. 13, 2008) (rejecting movant's claim for ineffective assistance of counsel based on counsel allowing him to plead guilty to possession of a firearm although the firearms were not "brandished," because the "sentence level enhancement for use of a firearm . . . has nothing to do with the fact that [he] pleaded guilty . . .").

valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the movant from attempting to attack the sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing); *Vaca-Ortiz v. United States*, 320 F.Supp.2d 1362, 1365-66 (N.D. Ga. 2004) (O'Kelley, J.) (holding a waiver of the right to appeal or mount a collateral attack can serve to bar a subsequent claim of ineffective assistance of counsel during sentencing).  Accordingly, this Court cannot review these claims.

III.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Gerardo Solorio-Reyez's motion to vacate sentence [Doc. 125] be **DENIED**.

IV.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability

AO 72A
(Rev.8/82)

("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion of Movant's claims, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant voluntarily entered a guilty plea and waived his appellate and collateral rights. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED** this 14th day of July, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)