IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERARDO SOLORIO-REYEZ, <br> Movant, | : <br> : <br> : | CIVIL ACTION NO. <br> 1:10-CV-4625-WBH |
| v. | : <br> : <br> : | CRIMINAL ACTION NO. <br> 1:08-CR-0314-2-WBH |
| UNITED STATES OF AMERICA, <br> Respondent. | : <br> : <br> : | MOTION TO VACATE <br> 28 U.S.C. § 2255 |

## ORDER

Pending before this Court are: Movant's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, [Doc. 125], the Report and Recommendation (R&R) in which the Magistrate Judge recommends denying Movant's § 2255 motion, [Doc. 134], Movant's motion for an extension of time to file his objections, [Doc. 135], and Movant's motion to strike the R&R, [Doc. 136].

With respect to the R&R, Movant has filed his objections, and this Court must perform a *de novo* review of those portions of the R&R to which Movant has objected. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In the R&R, the Magistrate Judge generally concluded that, in pleading guilty pursuant to a plea agreement, Movant had waived his right to appeal and to file a § 2255 motion and that his assertions that he did not fully understand his waiver of certain rights are contrary to his clear testimony at the plea hearing. The Magistrate Judge correctly noted that

AO 72A
(Rev.8/82)

there is a strong presumption that statements made during a plea colloquy are true, see Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); United States v. Anderson, 384 F. Appx. 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."), and Movant was unable to overcome this presumption.

In response to Movant's overlapping objections, this Court notes the following: This Court did, in fact, inform Movant that he was waiving his right to challenge his conviction and sentence pursuant to § 2255. At the plea hearing, he was told that he was giving up his right to appeal and his "right to later challenge the sentence with another lawsuit or litigation." [Doc. 127 at 8]. That this Court failed to specifically mention § 2255 is immaterial.

Assuming that, as Movant claims, he did not receive the Government's response to his motion to vacate, this Court concedes that the best practice would have been for Movant to receive a copy of the response in order to give him an opportunity to file his reply. However, this Court concludes that Movant was not prejudiced by the apparent oversight because he has had an opportunity to respond to the R&R.

Likewise, regarding his claim that he did not receive a copy of the plea hearing transcript, this Court again concludes that Movant was not prejudiced. Movant pled guilty and admitted under oath that he committed the crimes that led to his

AO 72A
(Rev.8/82)

convictions. Movant waived his right to appeal and to file a § 2255 motion, and his plea hearing testimony clearly demonstrates that he understood the rights that he was waiving by pleading guilty. Accordingly, this Court concludes that Movant was not prejudiced by the fact that he did not receive a copy of the hearing transcript as there is nothing in that transcript that could support his claims. In any event, Movant is not entitled to a hearing transcript as a matter of course, and this Court concludes that the transcript is not needed to decide any issue presented by Movant. See 28 U.S.C. § 753(f).

Further, Movant was not entitled to a hearing because his claim is based on attorney-client communications. Movant's arguments entirely ignore the fact that the assertions made in his self-serving affidavit are squarely refuted by his testimony at the plea hearing. Movant has failed to demonstrate that, contrary to his testimony, he did not understand the nature of the charges against him, the factual basis underlying those charges, or the legal options available to him. As such, his claims that his plea was not knowing and voluntary and that his attorney was ineffective fail.

Finally, this Court notes that, by admitting his guilt, Movant has waived any claims that he may have regarding (1) the admissibility of custodial statements made after his arrest, and (2) whether he is factually guilty of brandishing a weapon during the kidnaping or of conspiring to distribute cocaine.

3

AO 72A
(Rev.8/82)

## Conclusion

In summary, having carefully considered the record in this case, this Court concludes that the R&R is correct as to law and fact. As such, this Court hereby **ADOPTS** the R&R, [Doc. 134], as the Order of this Court, and Movant's § 2255 motion, [Doc. 125], is **DENIED**.

Movant's motion for an extension to file his objections, [Doc. 135], to the R&R is, for good cause shown, **GRANTED**, and the objections are accepted as if timely filed. Movant's motion to strike, [Doc. 136], the R&R is **DENIED** as moot.

**IT IS SO ORDERED**, this 23 day of August, 2011.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE